Kearney, Blois & Co. v. Arthur Hauche.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

KEARNEY, BLOIS & Co. v. ARTHUR HAUCHE.

A party seeking to recover a claim must make his case certain.

APPEAL from the Second District Court of New Orleans, *Howell*, J. *G. L. Bright*, for plaintiffs. *B. Egan*, for defendant and appellant.

ILSLEY, J. The plaintiffs claim from the defendant the sum of one thousand dollars, with interest; and they represent in their petition that, being creditors of F. Ball and Shell for the sum of fourteen hundred dollars, they instituted suit in Mississippi against their debtors, and seized some machinery belonging to them; that their said debtors came to New Orleans and agreed to sell the said machinery to Arthur Hauche for thirteen hundred dollars.

They further represent that the said Arthur Hauche agreed to pay, and did pay, one hundred dollars to them, two hundred dollars to Ball, and contracted to pay the balance to them when the machinery would be delivered to him.

That the said machinery was brought to New Orleans and delivered to the said Arthur Hauche.

In order to substantiate their demand to the balance of one thousand dollars against Hauche, they produce a witness, who was their clerk at the time of the alleged agreement, who says: "I knew Ball and also the defendant Hauche. They, together, called at the store of Kearney, Blois & Co., on the 27th March, 1862, for the purpose of settling an account, and the following agreement was then made, verbally: "Mr. Arthur Hauche pays us one hundred dollars, and pays Mr. F. Ball two hundred dollars on account, for thirteen hundred dollars for machinery sold him, and we guarantee that Mr. Ball will bring said machinery to New Orleans to be delivered to Mr. Arthur Hauche, or the money paid on account, three hundred dollars, to be returned to him. The balance of account, one thousand dollars, to be paid to us." The witness further says, "When I say we and us, I mean Kearney, Blois & Co. I was present with the parties when the agreement was made. I took no part in making the agreement except as a witness. Immediately after the agreement was made, I put

it in writing; and I think it was drawn up while the parties were present, and read over to see if I was right; but of this I am not positive. Mr. Hauche paid us at the time one hundred dollars, and two hundred dollars to Ball. The two hundred dollars paid to Ball was for the purpose of enabling him to go and bring the machinery here. I forget now where the machinery was at the time, but I know it was elsewhere than in New Orleans. The claim of Kearney, Blois & Co. on the machinery was for Ball's indebtedness to them. I think the machinery belonged to Ball. I know of a suit by Kearney, Blois & Co. against Ball and Shell, somewhere over the Lake. I know nothing of a seizure, of my own knowledge."

In the cross-examination of this witness, he says: "The contract was a verbal one, and I wrote it down for the purpose of remembering it; and my impression is that it was written in the presence of the parties, but I am not certain. I don't recollect anything of what Mr. Hauche said in relation to the contract. I would not recollect the contract now, if it were not for this agreement. Mr. Hauche, the defendant, was not called upon to sign the agreement, and I don't think either party was called on for that purpose. The thousand dollars was to be paid in current funds."

We have transcribed the whole of the testimony of this witness, because it is on that alone that the liability of the defendant to the plaintiffs is sought to be established.

We can perceive nothing in this testimony, or in the record, to show that Hauche was made aware of any indebtedness by Ball & Shell to the plaintiffs, or of any claim of theirs on the machinery; and he might well have supposed that the plaintiffs were merely the agents of Ball, who, it appears, sold the machinery to the defendant.

Had the plaintiffs intended to secure their claim against Ball, through Hauche, they should have had it explicitly understood that Hauche became their debtor for the amount due them, and Hauche would not then have paid the balance to Ball, instead of paying it to them. We deem the evidence insufficient to charge the defendant with this debt, as the law is well settled that a party seeking to recover must make his case certain. *Old* v. *Fee,* 8 M. 14, 455; *Turnbull* v. *Martin,* 10 M. 419; *Adams* v. *His Creditors,* 2 R. 27; *Briggs* v. *Simms,* lately decided. And this rule should be more rigorously enforced in a case wherein an attempt is made to compel a party to make a double payment of the same debt.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be reversed, and that the judgment be rendered in favor of the defendants and against the plaintiffs, with costs in both Courts.

Howell, J., recused.